## SOUTHERN AIR TRANSPORT, INC. v POST-NEWSWEEK STATIONS OF FLORIDA, INC., et al.

### Case No. 87-23989 CA 22

Eleventh Judicial Circuit, Dade County

December 9, 1988

### APPEARANCES OF COUNSEL

**Robert M. Beckman,** and **David Kirstein,** Beckman & Kirstein and **Dwight Sullivan,** for plaintiff.

**Donald M. Middlebrooks, Thomas R. Julin, Norman Davis, Alicia R. Zalesin,** and **Emily Wheeler,** Steel Hector & Davis, for defendants.

### OPINION OF THE COURT

ROBERT PAUL KAYE, Circuit Judge.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiffs in the instant case, SOUTHERN AIR TRANSPORT,

INC. brought suit against the Defendants POST-NEWSWEEK STA-TIONS OF FLORIDA, INC., d/b/a WLPG TELEVISION, et al., alleging that the Defendants, by broadcast of a three part documentary, defamed the Plaintiffs and that such activities were libelous.

Defendants filed a Motion for Summary Judgment alleging that the Plaintiffs were "public figures" and therefore fall within the privilege enunciated in *New York Times Co. v Sullivan* 376 U.S. 254 (1964) and its' progeny.

The first issue to be determined is whether the Plaintiff in this case is a public or private figure, under the test of *Gertz v Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed. 2d 789 (1974) and *Waldbaum v Fairchild Publications, Inc.,* 627 F2nd 1287 (D.C. Cir. 1980).

Applying the standards for a "general" public figure or a "limited" public figure, the Court finds that the Plaintiff is a "limited" public figure.

Specifically, the subject matter of the broadcasts complained of dealt with issues under scrutiny in the Iran-Contra investigation, i.e. arms shipments to Israel and Iran, and the supplying of Contra bases in Nicaragua in violation of the Boland Amendment, and in addition, the alleged illegal swapping of arms for drugs in Columbia, in statements made by a person called "Wanda."

These subjects were:

1. Matters of great public concern and controversy of which the Plaintiffs were allegedly involved, (the use of Southern Air aircraft in transshipping arms and supplies and the use of Southern Air pilots to fly the planes) and

2. Were the subject matter of the defamation complained of in the broadcasts.

In addition, the role of the Plaintiffs in the Iran-Contra affair had been, and was at the time, being investigated on a Federal level. Plaintiff at one point, even hired a public relations firm to represent them and to respond to media queries, and as such, "thrust themselves to the forefront" of the investigation thereby inviting attention and comment. The Plaintiffs, moreover, by involving themselves in such operations with the C.I.A., which they admit, cannot now be heard to complain if those activities are brought to light in public controversy such as the Iran-Contra affair.

The next issue for determination is whether the Plaintiff as a

**77**

"limited" public figure, was involved in matters of great public concern.

The defamation complained of here, i.e. arms shipments and drug dealing, are certainly matters of which the public has great and legitimate concern. Corruption and violation of Federal Law is always a legitimate concern of the public at large, especially since the results of such activities can affect the lives of the citizenry of the nation, not only economically but, physically.

The Plaintiffs cannot be heard to say that the activities involved were of such private nature as to take them out of the privilege raised by the Defendants.

Having resolved the issue of "public figure" and "public concern," we next turn to the standards to be used to determine the outcome of the Motion for Summary Judgment.

The standard enunciated in the *New York Times v Sullivan* supra, imposes the burden of "actual malice" to be proven before an action for libel will lie against a "public figure."

This burden is further guided by the requirement that such showing of "actual malice" or "reckless disregard for truth or with knowledge that it was false" must be by clear and convincing evidence.

The Court finds no such showing here.

The most that can be said for the Plaintiffs proof of "actual malice" or "reckless disregard for truth" was that the Defendants did not thoroughly check the veracity of "Wanda's" story, and that the Plaintiffs flight logs do not show that the Plaintiff's planes were at the location or at the times or dates the alleged drug deals took place.

Firstly, "Wanda" had testified before a U.S. Senator, the F.B.I. and other investigating committees, took a polygraph, and was interviewed by many other sources. The Defendants researched the matter through correspondence with the Senator's staff council and other investigative sources and after a lengthy series of personal interviews, chose to believe her story. The issue is not what a prudent man would have done to investigate before publishing, but whether there was sufficient evidence to permit a conclusion that the publisher entertained "serious doubts" as to the truth of the matter published. *St. Amant v Thompson* 390 U.S. 727-731 (1968). The Defendants, although not being able to prove positively that they had anything else to substantiate "Wanda's" story, nonetheless expressed no such "serious doubt" as to the truth of the story.

Secondly, the lack of proof by the Flight Logs is inconclusive since it

78

is reasonable to assume that one engaged in such clandestine activity as drug smuggling is not going to document that activity by making entries into Flight Logs.

Without "clear and convincing" evidence of actual malice established by any genuine issue of material fact presented in an opposing affidavit in a libel action involving a "public figure," the Court may grant Summary Judgment, see *Anderson v Liberty Lobby, Inc.,* 106 S.Ct. 2505 (2986).

The Court has examined the evidence, depositions, memoranda and the rest of the record and has determined that:

1. The controversy involved here is of great public concern.

2. The Plaintiffs are determined to be a "limited" public figure.

3. The Plaintiffs did play a significant role in the controversy.

4. There is no genuine issue of material fact from which a reasonable jury could find "actual malice" on the part of the Defendant.

ACCORDINGLY, the Court rules that the Defendants Motion for Summary Judgment is GRANTED.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 9th day of December, 1988.